UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM LOPEZ,

                Petitioner,                MEMORANDUM & ORDER
                                                          02-CV-3988 (NGG)

    v.

DAVID MILLER,

                Respondent.
----------------------------------------------------------------X
GARAUFIS, United States District Judge.

       On April 21, 2004, I dismissed as time-barred the habeas petition filed pursuant to 28 U.S.C. § 2254 by petitioner William Lopez ("Lopez"). On May 20, 2004, Lopez filed a motion for reconsideration, renewing his argument that his petition contains an actual innocence claim, and that the Constitution requires an actual innocence exception to AEPDA's one-year statute of limitations. Lopez's motion for reconsideration is granted.

       The question whether such an exception to AEDPA's statute of limitations is constitutionally required has not been settled in this Circuit. See Whitley v. Senkowski, 317 F.3d 223 (2d. Cir. 2003) (declining to rule on whether the Constitution requires an actual innocence exception to the AEDPA statute of limitations until presented with a case in which a petitioner has made a colorable showing of actual innocence.) However, the Second Circuit has directed district courts confronted with such claims to answer the following questions in sequence:

> 1) Did [the petitioner] pursue his actual innocence claim with reasonable diligence? (2) If [the petitioner] did not pursue the claim with reasonable diligence, must an actual innocence claim be pursued with reasonable diligence in order to raise the issue of whether the United States Constitution requires an "actual innocence" exception to the AEDPA statute of limitations? (3) If [the petitioner] did pursue the claim with reasonable diligence or if reasonable

1

Dockets.Justia.com

>     diligence is unnecessary, does [the petitioner] make a credible claim of actual
>     innocence? (4) If [the petitioner] does make a credible claim of actual innocence,
>     does the United States Constitution require an "actual innocence" exception to the
>     AEDPA statute of limitations on federal habeas petitions?

Id. at 225-26.

Because this court did not address any of these questions in its April 21, 2004 Order, I hereby grant Lopez's motion for reconsideration, and vacate the April 21, 2004 Order dismissing Lopez's petition. Moreover, it is evident from the above recitation of questions that this case presents weighty questions of law and knotty questions of fact which Lopez, a *pro se* petitioner, cannot be expected to address sufficiently on his own. In particular, the court notes that Lopez appended as Exhibit B to his original habeas petition a letter purportedly written by Janet Chapman, the sole witness at Lopez's 1990 trial who testified to having seen Lopez at the scene of the crime and fire the murder weapon. In this letter, Ms. Chapman recants her testimony, claiming that her testimony to the jury was "not true and William Lopez is completely innocent . . . . William Lopez was not at the murder scene and never had anything to do with the murder." This document therefore appears, assuming its veracity, to provide substantial support for Lopez's innocence claim. However, the court has not been able to schedule a hearing to question the witness about whether she actually wrote the apparently exculpatory letter, or about the circumstances that led her to write it, because the King's County District Attorney's Office has informed this court that it is unable to locate its one-time witness. Lopez, of course, cannot be expected to track down the witness from his cell, and likewise cannot be expected to retain an investigator to do so. Yet, without hearing from the witness, or at least knowing whether she is still available to testify about the events surrounding the crime of conviction and the subsequent authorship of the letter of recantation, it will be difficult for this court to ascertain whether Lopez

has presented a credible claim of actual innocence, as the law of this Circuit demands.

Therefore, pursuant to 18 U.S.C. § 3006A(a)(2)(B), I hereby appoint Richard W. Levitt, Esq., 148 East 78th Street, New York, NY 10028 to represent Lopez respecting his actual innocence claim. The respondent is directed to provide petitioner's counsel with the complete record of this case, including the trial transcript and state court record, within twenty (20) days of the date of this Order. Petitioner's counsel is further authorized to engage a qualified investigator to attempt to locate Ms. Chapman. Petitioner's counsel is further directed to file a report within sixty (60) days of the date of this order concerning his progress in locating Ms. Chapman. In support of this effort, the Kings County District Attorney's Office is directed to provide petitioner's counsel with any information in its possession concerning Ms. Chapman's whereabouts at the time of trial, and at any point thereafter, within twenty (20) days of the date of this order. The Clerk of the Court is directed to reopen this case, and to mail a copy of this order to the petitioner.

SO ORDERED.

Dated: September 13, 2005                 ___/s/_____
      Brooklyn, NY                                  Nicholas G. Garaufis
                                                    United States District Judge